UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CINDY COSTELLO | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CAUSE NO. 1:19-cv-2956 |
| BOARD OF TRUSTEES OF THE FLAVIUS J. WITHAM MEMORIAL HOSPITAL dba WITHAM HEALTH SERVICES; MICHAEL WAGNER; BRENDA STROHL; GEORGE POGAS; and EMILY ROGERS | ) ) ) ) ) ) |
| Defendants, | ) |

**PLAINTIFF'S COMPLAINT AND JURY DEMAND**

Plaintiff, Cindy Costello, by counsel, for its Complaint for Damages against Defendants, Board of Trustees of the Flavius J. Witham Memorial Hospital dba Witham Health Services ("WHS"), Michael Wagner, Brenda Strohl, George Pogas, and Emily Rogers and respectfully alleges and states the following:

**PARTIES**

1. Plaintiff Cindy Costello is a resident of Marion County, Indiana.

2. Defendant Michael Wagner is a resident of Marion County, Indiana.

3. Defendant Brenda Strohl is a resident of Boone County, Indiana.

4. Defendant George Pogas is a resident of Boone County, Indiana.

5. Defendant Emily Rogers is a resident of Boone County, Indiana.

6. Defendant Witham Health Services is an Indiana Corporation with its principle place business located in Boone County, Indiana.

## JURISDICTION

7. The Court has subject matter jurisdiction over this matter because the matters to which this Complaint relates constitute violations of the federal law, the Fair Labor Standards Act and the Family Medical Leave Act.

8. Venue is appropriate in this Court in that the events described here took place in this federal district.

## FACTUAL BACKGROUND

9. Prior to employment at WHS, Cindy Costello worked in forensic and clinical laboratory services for 35 years and had developed a strong professional reputation within the industry and a large book of clients that needed drug testing services.

10. In 2014, WHS offered Cindy Costello a position in sales and marketing for the Toxicology Laboratory, to begin January 2015. Significantly, the job description for the position drafted by Defendant WHS and provided to Plaintiff lists the job as "Non-Exempt" meaning that overtime pay must be paid. See, Exhibit A.

11. Cindy Costello moved over 100 miles in order to take the position in the Toxicology Lab at WHS, forcing her husband to retire.

12. As compensation for employment, WHS offered Cindy Costello a base salary, plus an additional Bonus of 5% of annual revenues above $1,380,000.

13. WHS misrepresented and inflated the $1,380,000 revenue figure and failed to incorporate previously lost clients and accounts, specifically Hamilton County.

14. During negotiations, WHS assured Cindy Costello it would reimburse meal costs during required travel, but failed to do so in a reasonable manner, until 2018.

15. As a condition of employment, WHS offered Cindy Costello three (3) weeks of paid time off ("PTO") per year, but then required her to work during her PTO.

16. WHS forced Cindy Costello to take PTO for any day in which she would be unable to travel, although travel was not requisite condition of her employment.

17. WHS produced pay stubs recording forty (40) hours per week, when Cindy Costello worked many more than forty (40) hours per week.

18. WHS refused to compensate Cindy Costello for overtime pay, required under the FLSA, and WHS expressly promised in the job description for the position, Exhibit A.

19. Cindy Costello brought overtime pay to the attention of Jeff Retz, the WHS Toxicology lab manager, as well as to each of the individual Defendants.

20. Each individual Defendant is a decision maker who could and did decide whether to pay Plaintiff overtime wages.

21. Defendant's former Laboratory Director, Jeff Retz threatened and coerced Plaintiff that she should stop logging work hours and repeatedly asserted that if she pursued overtime pay or commission owed, she would be "fired", or alternatively, that the Toxicology Lab would be shut down, and that it would be Plaintiff's fault that the Lab employees would lose their jobs, because Plaintiff asserted her legally protected rights.

22. Defendant, Dr. Wagner told Plaintiff that if she pursued this request for overtime pay or commissions any further, she would be "axed."

23. Plaintiff complained to Defendant's Human Resources regarding these threats, but nothing was done to stop her supervisors from threatening her.

24. Defendant, WHS knowingly and intentionally defaulted on a one hundred thousand ($100,000) dollar line of credit with a distributor, which Plaintiff personally established for Defendant.

25. Defendant, WHS also defaulted on credit accounts with partnering laboratories, Omega Labs and Clinical Reference Labs, which Plaintiff personally established for Defendant.

## COUNT I—FAIR LABOR STANDARDS ACT; OVERTIME CLAIM

Plaintiff, Cindy Costello, by counsel, for Count I of her Complaint against all Defendants, states as follows:

26. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if fully restated herein.

27. Under the Fair Labor Standards Act ("FLSA"), Defendant, WHS is required to pay one and one half times the regular hourly rate for all hours actually worked over forty (40) in a workweek.

28. Under the FLSA, each individual Defendant is a decision maker and a supervisor who is legally responsible for violations of the FLSA.

29. Cindy Costello was employed by WHS as a non-exempt employee, working more than forty (40) hours per week.

30. WHS provided Cindy Costello with pay stubs recording forty (40) hours of work each week, but Cindy Costello actually worked many more than forty (40) hours in a workweek.

31. WHS refused to pay Cindy Costello overtime wages.

32. Defendants' violation of the FLSA has caused Cindy Costello substantial money damages.

33. Defendants' conduct has been willful in that they are fully aware of the law and have knowingly proceeded to violate the FLSA.

34. As a result, Plaintiff's damages are doubled, and she is entitled to attorney fees and costs of this lawsuit.

## COUNT II—FAIR LABOR STANDARDS ACT; RETALIATION CLAIM

Plaintiff, Cindy Costello, by counsel, for Count II of her Complaint against all Defendants, states as follows:

35. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if fully restated herein.

36. Cindy Costello brought the FLSA violation to the attention of all of the Defendants and was subsequently threatened and coerced in retaliation for asserting her legal rights.

37. Defendants committed retaliation against Cindy Costello by threatening her when she sought to pursue her rights under the FLSA for overtime compensation.

38. Defendants' conduct was outrageous and necessitates punitive damages, liquidated damages, and attorney fees and costs.

## COUNT III—BREACH OF CONTRACT

Plaintiff, Cindy Costello, by counsel, for Count III of her Complaint against Defendant, WHS, states as follows:

39. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if fully restated herein.

40. Cindy Costello entered into negotiations with Defendant, WHS based upon a job description for a non-exempt, Sales and Marketing Representative position, attached as Exhibit A.

41. Cindy Costello entered into a contract with Defendant, WHS reflected by an exchange of emails attached as Exhibit B.

42. Pursuant to Exhibit B, WHS agreed to pay Costello a 5% Bonus, to be paid every six (6) months, no later than January 15th and July 15th of each consecutive year.

43. Pursuant to Exhibit B, WHS agreed to reimburse Costello for the cost of meals during any necessary travel.

44. Pursuant to Exhibit B, paragraph 4, WHS agreed to reimburse Cindy Costello for office expenses.

45. WHS breached the contract between the parties by failing to pay the 5% Bonus and by not timely paying reimbursement for meals or office expenses to Cindy Costello.

46. WHS breached the contract by failing to provide Cindy Costello with the agreed upon terms of employment.

47. Defendant's breach has caused Plaintiff substantial money damages.

## COUNT IV—VIOLATION OF INDIANA WAGE PAYMENT STATUTE

Plaintiff, Cindy Costello, by counsel, for Count IV of her Complaint against Defendant, WHS states as follows:

48. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if fully restated herein.

49. Defendant, WHS has failed to pay Plaintiff wages on a timely basis, in violation of IC § 22-2-5-1.

50. The wages which have not been paid or have not been paid timely.

51. The wages include the 5% Bonus, which is actually a sales commission, and is easily calculated based upon Plaintiff's work.

52. The wages include unpaid travel meals, travel expenses, and office expenses.

53. Pursuant to the wage payment statute, Plaintiff is entitled to the wages and in addition, liquidated damages of double the amount of the wages, plus attorney fees and costs.

## COUNT V—UNJUST ENRICHMENT

Plaintiff, Cindy Costello, by counsel, for Count V of her Complaint against Defendant, WHS states as follows:

54. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if fully restated herein.

55. Defendant possessed fiduciary duties to be honest and tell the truth to Plaintiff.

56. Defendant is a large, wealthy business organization which was in a superior position in terms of knowledge and business sophistications, as compared to Cindy Costello.

57. Defendant took advantage of its superior position and implemented a scheme to defraud Cindy Costello.

58. Defendant lied about material facts and omitted to inform Cindy Costello of material facts in a way which caused her substantial damages.

59. Specifically, WHS knew that Cindy Costello was under contract to receive the 5% Bonus, but WHS refused to inform Cindy Costello of WHS's actual revenue. Defendants intentionally lied to Cindy Costello.

60. WHS allotted Cindy Costello three (3) weeks of PTO per year but required Cindy Costello maintain availability and answer all phone calls and emails regardless of PTO usage.

61. WHS completed this scheme by providing incorrect revenue figures in order to misrepresent the amount owed to Cindy Costello pursuant to the Bonus, and in return kept the money.

62. In equity, the Defendant, WHS should be required to disgorge the funds as they have been unjustly enriched as a result of their fraudulent scheme.

## COUNTVI--PROMISORRY ESTOPPEL

Plaintiff, Cindy Costello, by counsel, for Count VI of her Complaint against Defendant, WHS states as follows:

63. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if fully restated herein.

64. Defendant, WHS made numerous promises to Plaintiff in order to induce her to accept the offer of employment.

65. The promises include, but are not limited to, that Defendant would accept all of the clients that Plaintiff could provide to Defendant, WHS.

66. Contrary to that assertion, Defendant, WHS has repeatedly refused to provide services to numerous large clients that Plaintiff has presented to Defendant, WHS.

67. Defendant, WHS knew that Cindy Costello personally established the one hundred thousand ($100,000) dollar line of credit with a distributor and the two (2) credit accounts with partnering laboratories, under the implied assurance that WHS would make timely payments on the account.

68. Defendant, WHS allowed Plaintiff to use her name and reputation to negotiate the terms and establish the line of credit for products vital to Defendant's daily operations.

69. Defendant, WHS knowingly and intentionally defaulted on payment of the accounts, causing the distributor and laboratories to contact Plaintiff, personally for payment.

70. Defendant's intentional actions irreparably harmed Plaintiff's professional standing, character, and reputation.

71. Plaintiff relied upon Defendant, WHS to her detriment.

72. Plaintiff has been substantially damaged under the theory of promissory estoppel, by Defendant's unfulfilled promises.

## COUNT VII—CONSTRUCTIVE FRAUD

Plaintiff, Cindy Costello, by counsel, for Count VII of her Complaint against Defendant, WHS states as follows:

73. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if fully restated herein.

74. Defendant, WHS committed constructive fraud against Plaintiff.

75. Defendant's constructive fraud upon Cindy Costello has caused her substantial damages.

## COUNT VIII—BREACH OF FIDUCIARY DUTY

Plaintiff, Cindy Costello, by counsel, for Count VIII of her Complaint against all Defendants, states as follows:

76. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if fully restated herein.

77. Defendants possessed fiduciary duties to Plaintiff, which Defendants have breached.

78.  Defendants' breach of fiduciary duties has caused Plaintiff substantial damages.

## COUNT IX—FAMILY AND MEDICAL LEAVE ACT

Plaintiff, Cindy Costello, by counsel, for Count VIII of its Complaint against all Defendants, states as follows:

71. Plaintiff incorporates by reference the allegations contained in the paragraphs above as if fully restated herein.

72. Plaintiff has been placed on FMLA leave to care for her ailing mother and for her own medical condition.

73. Defendant, WHS is an employer under the FMLA.

74. The individual Defendants are supervisors and decision-makers with respect to Plaintiff and her FMLA leave, and thus, are liable personally under the FMLA.

75. Defendants have harassed Plaintiff by insisting that Plaintiff work while she is on FMLA leave.

76. Defendants have failed to properly account for Plaintiff's FMLA leave and have accounted some leaves improperly as FMLA leave.

77. Defendants' violations of the FMLA have caused plaintiff substantial damages in the form of lost wages, emotional distress, compensatory damages and other damages.

78. Defendants are aware of the FMLA and yet have routinely violated the law, showing that their actions are willful, entitling Plaintiff to liquidated damages.

79. Plaintiff also seeks her attorney fees and costs of this lawsuit under the FMLA.

WHEREFORE, Plaintiff, Cindy Costello, by counsel, hereby seeks a money judgment for overtime pay, unpaid commission, liquidated damages, punitive damages, attorney fees, costs, pre and post judgment interest, and all other relief against the Defendants, Board of Trustees of the Flavius J. Witham Memorial Hospital dba Witham Health Services ("WHS"), Michael Wagner, Brenda Strohl, George Pogas, and Emily Rogers.

## JURY DEMAND

Plaintiff requests a trial by jury.

Respectfully submitted,

/s/ *Mark R. Waterfill*, Atty. No. 10935-49
5235 Decatur Boulevard
Indianapolis, IN 46241
(317) 501-6060
mark@waterfilllaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true, exact and authentic copy of the foregoing has been served upon all counsel of record the way of electronic service the same day as filing.